UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| TAMMY HOBGOOD HAIR AND DANNY A. HOBGOOD | CIVIL ACTION NO 12-315 |
| VERSUS | JUDGE JACKSON |
| MONUMENTAL LIFE INSURANCE COMPANY | MAGISTRATE JUDGE RIEDLINGER |

## OPPOSITION TO MOTION TO COMPEL

NOW COME plaintiffs, Tammy Hobgood Hair and Danny A. Hobgood, and respectfully oppose the Motion to Compel discovery responses sought by defendant, Monumental Life Insurance Company ("Monumental"), for the reasons set forth herein.

Plaintiffs' father, Sheldon Hobgood, the deceased, purchased a $100,000.00 life insurance policy from Monumental in 1988. For some twenty years policy premiums were paid and the policy's coverage remained in place and uninterrupted. In 2009, the cash reserves in the policy were allegedly depleted to the point that they could no longer be used to cover the monthly premium payments and the policy lapsed. In order to reinstate the policy, Sheldon Hobgood was required to submit a reapplication for insurance along with a cash premium payment. This policy lapse/reapplication event occurred on three different occasions in 2009 (Exhibit "A"), including the pertinent reapplication in October 21, 2009. Mr. Hobgood's Monumental Agent, Frank Searcy, handled preparation of each of the reapplications on Mr. Hobgood's behalf.

Mr. Hobgood died on October 4, 2011. Monumental claims because his death occurred within two years of the reapplication, it triggered the right for it to investigate the cause of death

and contest the coverage.[1] As part of this investigation, Monumental seeks all medical records dating back ten years from the date of Mr. Hobgood's death. Plaintiffs oppose this request as being contrary to Louisiana law as well as duplicative.

Louisiana R.S. 22:931 (A)(2) provides that a life insurance policy shall be incontestable after it has been in force during the lifetime of the insured for a period of two years from its date of issue. Thus, for instance, even if Monumental is correct that Mr. Hobgood had health issues that precluded coverage, Monumental would be prevented from raising those health issues to justify nonpayment once two years had passed. In the instant case, Mr. Hobgood had a policy of insurance in place uninterrupted from 1988 to February 2009. Under the applicable statute, Monumental is precluded from contesting the validity of that coverage (and, reasonably, Monumental would also be precluded from investigating the validity of that coverage).

February 2009 began a series of lapses/reapplications on behalf of Mr. Hobgood. Each of those reapplications triggered a new two-year incontestability period. Thus, the February 2009 reapplication could no longer be contested/investigated by Monumental as of February 2011. The July 2009 reapplication could no longer be contested/investigated by Monumental as of July 2011. This left only the October 11, 2009 reapplication, which is the one Monumental is challenging since Mr. Hobgood died on October 4, 2011.[2] It is plaintiffs' position that because Monumental is precluded from contesting/investigating the validity of the policies from 1988 through October 2009, it is likewise precluded from investigating Mr. Hobgood's health records during that time. To find otherwise would result in nullifying the mandatory statutory incontestability clause.

---

[1] Plaintiffs reject this argument as Monumental's own reapplication provides a different timeline for when a policy can be contested. Plaintiffs reserve their right to raise this objection at the appropriate time.

[2] Again, plaintiffs maintain Monumental has no right to contest this reapplication either, but will reserve this argument for the appropriate time, and does not intend a waiver of the argument by considering and addressing Monumental's discovery request.

Based on this reading of the statute, plaintiffs have prepared and submitted to Monumental a limited medical waiver permitting investigation of Mr. Hobgood's medical records that do not fall within the prior incontestability periods. Thus, plaintiffs have acted in good faith in attempting to provide Monumental with those medical records to which it may be entitled for discovery purposes. However, plaintiffs object to being required to produce medical records covered by previous policies' incontestability clauses. Further, plaintiffs note that they previously provided Monumental with an unlimited waiver for receipt of Mr. Hobgood's medical records before the present suit was even filed. Monumental used this earlier release/waiver to conduct the investigation which resulted in its denial of benefits. Thus, Monumental's present request for another waiver is duplicative and unnecessary.

For the reasons set forth herein, Monumental's motion to compel should be denied.

Respectfully submitted:

AMOS H. DAVIS
Attorney at Law
7932 Wrenwood Blvd., Suite B
Baton Rouge, LA 70809
Telephone: (225) 248-1400

_____
AMOS H. DAVIS, Bar No. 4718
Attorney for Plaintiffs, Tammy Hobgood Hair and
Danny A. Hobgood

**CERTIFICATE**

I hereby certify that a copy of the above and foregoing was filed electronically on November 13, 2012 and delivered to all counsel herein via the Court's electronic filing system.

_____
AMOS H. DAVIS