UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| TAMMY HOBGOOD HAIR and DANNY A. HOBGOOD | CIVIL ACTION NO. 12-315 |
| versus | JUDGE JACKSON |
| MONUMENTAL LIFE INSURANCE COMPANY | MAGISTRATE JUDGE RIEDLINGER |

REPLY MEMORANDUM IN SUPPORT OF
MOTION TO COMPEL DISCOVERY

Defendant, Monumental Life Insurance Company ("Monumental"), submits this short Reply Memorandum in order to address arguments made by Plaintiffs in their Opposition to Motion to Compel (Record Doc. 13).

In its original Memo in Support, Monumental outlined the reasons supporting the is motion, and cited several cases that have allowed insurers to seek health information predating the application by far more than the two years that Plaintiffs contend to be the statutory limitation under La. R.S. 22:931(A)(2).  Plaintiffs have cited no cases supporting their interpretation of the statute, because none exists.

In their Opposition, Plaintiffs take an unsupportable argument and pushed it to the point of near absurdity by contending that the series of lapses and reapplications serve to further limit Monumental, such that it may only seek records that do not fall within prior incontestability periods.  The result of Plaintiffs' argument is that Monumental may not request medical records prior to October 2009, the very month in which the final application for reinstatement was submitted.  The fact that the insured allowed his policy to lapse several times within one year

{N2550358.1}

cannot be used to give any greater protection than someone whose policy had lapsed only once. Plaintiffs' paradoxical argument is essentially that because Mr. Hobgood allowed the policy to lapse on several occasions, his alleged misrepresentations cannot be used against his beneficiaries. He cannot capitalize on the lapses by using them to hamstring Monumental's investigation. The argument does not stand to reason, and is utterly lacking in legal support.

Monumental does recognize that during the handling of the claim, the Plaintiffs executed an unlimited waiver for records, which was used by Monumental during its investigation of the claim. Nonetheless, as indicated by the cases cited by Monumental in its original Memorandum, Monumental has the right during discovery to further investigate Mr. Hobgood's health history, and seek information that addresses the scope of the misrepresentation.

Accordingly, Monumental Life Insurance Company respectfully urges the Court to grant its Motion to Compel and award it attorney's fees and costs.

Respectfully submitted,

*s/ Covert J. Geary*
COVERT J. GEARY  (#14280)
Jones, Walker, Waechter, Poitevent,
 Carrère & Denègre, LLP
201 St. Charles Avenue, 49th Floor
New Orleans, Louisiana  70170
Telephone:  (504) 582-8276
Facsimile:  (504) 589-8276
**Attorneys for Monumental Life Insurance Company**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing pleading has been served upon all counsel of record by filing the same in this Court's CM/ECF System this 20th day of November, 2012.

*s/Covert J. Geary*

{N2550358.1}