UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

TAMMY HOBGOOD HAIR, ET AL

VERSUS

MONUMENTAL LIFE INSURANCE
COMPANY

CIVIL ACTION

NUMBER 12-315-BAJ-SCR

**RULING ON MOTION TO COMPEL DISCOVERY**

Before the court is Monumental's Motion to Compel Discovery filed by defendant Monumental Life Insurance Company. Record document number 12. The motion is opposed.[1]

Plaintiffs filed suit against the defendant to recover the proceeds of a life insurance policy issued to their father, the insured, Shelton L. Hobgood. The policy was issued effective February 4, 1988, but in 2009 the policy lapsed three times for failure to make a premium payment after receiving notice. Each time the policy lapsed it was reinstated, and the last reinstatement that occurred was effective October 21, 2009.[2] The insured died on October 4, 2011 within two years of the last reinstatement of the policy. After an investigation, the defendant concluded that when the insured signed the Application for Reinstatement of the policy on October 21, 2009, he intentionally misrepresented material information about health problems he had

---

[1] Record document number 13. Defendant also filed a reply memorandum. Record document number 16.

[2] Record document number 12-3, Exhibit 1.

since the issuance of the policy. Therefore, the defendant rescinded the policy and denied the claim.

This discovery dispute arises out of the discovery requests served by the defendant on September 5, 2012.[3] The central issue in dispute relates to the scope of discovery the defendant may pursue to obtain health and medical information about the insured.[4] Defendant argued that the terms of the application for reinstatement make any such information going back to the date of issuance of the policy discoverable. Nevertheless, the defendant stated that it was only seeking health history and related information for a reasonable period of time prior to the last reinstatement - eight years.

Plaintiffs objected and refused to produce any information and documents for the time period before October 4, 2009, or to sign an authorization allowing the defendant to obtain information before that date. According to the plaintiffs, allowing such discovery would violate state law, specifically the Louisiana statute which states that a life insurance policy is incontestable after it has been in force during the lifetime of the insured for a period of

---

[3] Record document number 12-3, Exhibit 2.

[4] The specific discovery requests involved are Interrogatory Numbers 12 and 16 through 20, and Request for Production Numbers 3, and 18 through 22. Request for Production Number 22 is the general medical authorization forms for the use and disclosure of protected health information under HIPAA.

two years from its date of issue.[5] Plaintiffs argued that under this law the defendant cannot contest the validity of the life insurance policies issued from 1988 to October 2009, i.e. those policies issued before the last reinstatement. Therefore, plaintiffs' argument continued, if the defendant obtained health/medical information from this time period doing so would effectively nullify the state statute.

Essentially for the reasons explained by the defendant, the plaintiffs' argument is without merit. Plaintiffs offered no factual or legal basis to support their argument. The Application for Reinstatement of the policy states in relevant part that the undersigned represents that the person previously insured under the policy, was "free from all disease, deformities or ailments, and have had no injuries, ailments or illness since issuance of the policy, nor consulted or been attended by a physician for any cause." A plain reading of this language means that all health and medical information for a reasonable period of time before the insured attested to this statement is relevant to the defendant's decision to rescind the policy for an intentional, material misrepresentation. The time period for which the defendant seeks information in this case is reasonable. Therefore, the defendant

---

[5] Louisiana law requires that life insurance policies delivered or issued for delivery in the state contain an incontestability provision, which states in relevant part that the "policy shall be incontestable after it has been in force during the lifetime of the insured for a period of two years from its date of issue." LSA-R.S. 22:931A(2).

is entitled to the interrogatory answers and requested documents, and to the executed authorizations sought through this motion to compel.

Plaintiffs also argued that the defendant's request for them to sign authorizations to obtain medical records is duplicative and unnecessary because they signed a waiver before suit was filed. Defendant acknowledged the pre-suit waiver was executed, but argued that this does not affect its right to further investigate the insured's medical history through discovery.

Plaintiffs' argument is unsupported and the defendant's argument is persuasive. The fact that the defendant obtained information/documents for its investigation based on a pre-suit waiver does not negate the defendant's right to obtain responses to its discovery requests and updated medical authorizations pursuant to HIPA regulations.[6]

Under Rule 37(a)(5)(A), Fed.R.Civ.P. if a motion to compel is granted or if the disclosure or requested discovery is not provided until after the motion is filed, the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the

---

[6] Defendant noted that one of the plaintiffs has recently been named executrix, and that health care providers often require succession representatives to execute waivers on behalf of deceased patients.

court must not order payment of expenses if the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action, the opposing party's nondisclosure, response or objection was substantially justified, or other circumstances make an award of expenses unjust.

Plaintiffs' objection to providing the requested discovery was unsupported and not substantially justified. Therefore, the defendant is entitled to reasonable expenses, and there are no circumstances present that make an award of expenses unjust. Defendant did not submit anything to support a request for a specific amount of expenses. A review of the motion and memoranda supports the conclusion that an award of $300 is reasonable.

Accordingly, the Monumental's Motion to Compel Discovery is granted. Plaintiffs shall serve supplemental answers to Interrogatory Numbers 12, and 16 through 20, and produce for inspection and copying all documents responsive to the Requests for Production of Documents Numbers 13, and 18 through 22 (including execution of the medical authorizations), without objections, within 14 days. Pursuant to Rule 37(a)(5)(A), the plaintiffs shall pay to the defendant, within 14 days, reasonable expenses in the amount of $300.00.

Baton Rouge, Louisiana, December 3, 2012.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE